IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE DELGADILLO JIMINEZ,

    Petitioner,                     No. CIV S-03-1857 RRB JFM P

    vs.

DERRAL G. ADAMS,

    Respondent.                   <u>FINDINGS AND RECOMMENDATIONS</u>

                               /

           Petitioner is a state prisoner proceeding in propria persona with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2000 conviction on three counts of lewd and lascivious acts on a child under the age of 14 years and three counts of forcible lewd and lascivious acts on a child under the age of 14 years, and the aggregate state prison term of twelve years imposed thereon.  He seeks relief on multiple grounds:  first, that petitioner's right to due process was violated by jury instruction error (CALJIC 2.50.01); next that the trial court abused its discretion by (i) using a supplemental jury instruction concerning multiple acts; (ii) permitting the prosecution's chart of "separate touchings" to be taken into the jury room, (iii) interrupting defense counsel's closing argument, and (iv) permitting the prosecution to introduce evidence of petitioner's alleged prior bad acts; then that the admission of evidence pursuant to California Evidence Code § 1108 violated his right to due process and equal protection; and finally that the prosecutor committed misconduct.  After careful consideration of the record and the applicable law, the undersigned will recommend that

1

petitioner's application for habeas corpus relief be granted with respect to his claim of jury instruction error. Because the claim of jury instruction error rests upon clear and recent Circuit authority, petitioner's remaining claims are not addressed.

FACTS AND PROCEDURAL HISTORY[1]

In November, 1996, seven-year-old D. G. (hereafter D.) moved to a house on Norstrom Way in Sacramento with her mother and brother. [Petitioner] lived across the street and a couple of houses down with his wife and four sons. D.'s family and [petitioner's] family soon became friends and D. often played at [petitioner's] house with [petitioner's] son, Armando. On several occasions, she spent the night in the living room of [petitioner's] house with Armando and Armando's cousin. She slept either on the floor, or on a couch.

During one sleep-over, when D. was eight years old, she was awakened by the feel of [petitioner] rubbing her breasts. [Petitioner] squeezed her thighs and rubbed the area of her vagina, first over and then under her clothes. He stuck his finger inside her vagina. [Petitioner] also rubbed D.'s "bottom," first over and then under her clothes, and stuck his finger inside her "bottom." D. eventually told [petitioner] she had to use the bathroom. She did so and, when she returned, [petitioner] was gone.

Initially, D. did not tell anyone about the incident. [Petitioner] had threatened to do something to her, or her family, if she told of the incident. D. and her family moved away from the area in September 1998. In January 1999, D. informed her brother of the molest. Her brother then reported it to their mother who questioned D. D. later told her father she had not reported the matter sooner, because she was afraid and embarrassed and worried she would not be able to see the other members of [petitioner's] family again.

[Petitioner] was interviewed by police. Initially, he denied ever touching D. Later, [petitioner] acknowledged having slapped the victim on the butt a couple of times in a playful way and said he might have touched her chest while wrestling around as he did with the other children in the house. Eventually, [petitioner] admitted that one night before going to bed he squeezed the victim's butt and vaginal area for a couple of seconds. [Petitioner] said he felt terrible about having done it and was ashamed of himself.

---

[1] The facts are taken from the opinion of the California Court of Appeal for the Third Appellate District in People v. Jiminez, No. C036340 (June 19, 2002), a copy of which is attached as Exhibit E to Respondent's Answer, filed November 12, 2003.

> [Petitioner] was charged with eight counts of lewd and lascivious conduct (§ 288, subd. (a)) and 12 counts of forcible lewd and lascivious conduct (§ 288, subd. (b)), arising out of the sleepover incident and several others reported by the victim. He was tried, but the jury was unable to reach a verdict, and a mistrial was declared. In a second trial, the jury found [petitioner] guilty of six counts of lewd and lascivious conduct, three forcible and three nonforcible, arising out of the sleep-over incident. [Petitioner] was found not guilty on 10 counts, and no verdict was reached on the remaining four counts. [Petitioner] was sentenced to the upper term of eight years on one count of forcible lewd and lascivious conduct and consecutive terms of two years (one-third the middle term) on the other forcible counts. On the nonforcible counts, [petitioner] received concurrent terms of six years.

(People v. Jiminez, slip op. at 2-4.)

Petitioner filed a timely appeal of his conviction in the California Court of Appeal for the Third Appellate District, raising eleven claims. (Answer, Ex. B.) The Court of Appeal rejected all of petitioner's claims in an opinion issued June 19, 2002. (Answer, Ex. E.) Petitioner subsequently filed a petition for review in the California Supreme Court, which was denied without comment on September 11, 2002. (Answer, Ex. F.)

On September 8, 2003, petitioner filed the instant petition for writ of habeas corpus.

ANALYSIS

I. <u>Standards for a Writ of Habeas Corpus</u>

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

/////

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'") The court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).

II. Jury Instruction Error

Petitioner claims that the use of the pre-1999 version of CALJIC No. 2.50.01 together with CALJIC 2.50.1 at his trial violated his right to due process because it allowed the jury to convict him based on propensity that was established only by a preponderance of the evidence. For the reasons explained below and in light of binding authority, the court will recommend that habeas corpus relief be granted with respect to this claim.

The record reflects that the state trial court admitted the evidence regarding petitioner's actions involving a thirteen year old former neighbor "K." pursuant to California Evidence Code § 1108, finding that its probative value was not substantially outweighed by its

4

prejudicial effect. (Opinion at 22; Clerk's Transcript at 206.)[2] In instructing petitioner's jury how to evaluate this evidence, the trial court gave the pre-1999 version of CALJIC No. 2.50.01. That instruction provided as follows:

> Evidence has been introduced for the purpose of showing that the [petitioner] engaged in sexual offenses other than those charged in this case.
>
> "Sexual offense" means a crime under the laws of the state that involves any of the following -- And we're just talking about one definition here:
>
> Any contact -- Any conduct made criminal by Penal Code Section 288(a). And the elements of this crime are set forth elsewhere in these instructions. That is the charge made in this case, about -- 288(a) or 288(b). And we'll be getting to those.
>
> Now, if you find that the [petitioner] committed a prior sexual offense, you may, but are not required to, infer that the [petitioner] had a disposition to commit the same or similar types of sexual offenses.
>
> If you find that the [petitioner] had this disposition, you may but, are not required to, infer that he was likely to commit and did commit the crime or the crimes of which he is accused.
>
> Unless you are otherwise instructed, you must not consider this evidence for any other purpose.

---

[2] California Evidence Code § 1108 provides, in pertinent part:

> (a) In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to Section 352.

California Evidence Code § 352 provides:

> The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury.

The California Court of Appeal concluded that the admission of evidence at petitioner's trial of his actions involving K. did not violate either the language or the spirit of California Evidence Code § 1108 and did not deny petitioner his due process right to a fair trial, or his right to equal protection of the laws. (Opinion at 21-25.)

1  (Reporter's Transcript on Appeal (RT) at 1043-44.)³  Petitioner's jury was also instructed with

2  CALJIC No. 2.50.1, as follows:

> Now, within the meaning of the preceding instructions, the prosecution has the burden of proving through a preponderance of the evidence that the [petitioner] committed a sexual offense other than those for which he is on trial.
>
> You must not consider this evidence for any purpose unless you find by a preponderance of the evidence that . . . [petitioner] committed the other sexual offense.

(Id. at 1044.)  After giving this instruction the trial court followed it by instructing the jury on the preponderance of the evidence standard as follows:

> Preponderance of the evidence means evidence that has more convincing force than that opposed to it.
>
> If the evidence is so evenly balanced that you are unable to find that the evidence on either side of an issue preponderates, your finding on that issue must be against the party who has the burden of proving it.  You are to consider all the evidence bearing upon every issue, regardless of who produced that evidence.

(RT at 1044.)

Petitioner claims that the use at his trial of the pre-1999 version of CALJIC No. 2.50.01, together with CALJIC No. 2.50.1, violated his right to due process because it allowed the jury to convict him of the crimes he was actually charged with on the basis of evidence of uncharged conduct "even if the evidence of the *charged offenses* failed to satisfy the reasonable

---

³ This instruction was revised in 1999 to clarify how jurors should evaluate a defendant's guilt relating to the charged offense if they found that he had committed a prior sexual offense.  Id. at 818.  The newly revised instruction added the following language:

> However, if you find by a preponderance of the evidence that the defendant committed prior sexual offenses, that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crimes.  If you determine an inference properly can be drawn from this evidence, this inference is simply one item for you to consider, along with all other evidence, in determining whether the defendant has been proved guilty beyond a reasonable doubt of the charged crime.

CALJIC No. 2.50.01 (7th ed. 1999).

6

doubt standard." (Pet. at 11-12.) Petitioner reasons that the jury may have convicted him of the charged offenses simply because they found, by a preponderance of the evidence, that he had committed the subsequent uncharged acts. (Id. at 15-17.) Essentially, petitioner is claiming that he suffered structural error at his trial because the jury instructions regarding propensity evidence lowered the prosecution's burden of proof required to convict him of the charged offenses.

Petitioner's argument in this regard was rejected both by the California Court of Appeal in a written decision on appeal, and summarily by the California Supreme Court. (Answer, Exs. E, F.) The California Court of Appeal explained its analysis as follows:

> Several Court of Appeal decisions have concluded the instructions as given here could mislead the jury as [petitioner] suggests. (See *People v. Orellano* (2000) 79 Cal.App.4th 179, 181, 184-186; *People v. Frazier* (2001) 89 Cal.App.4th 30, 34-37; *People v. Vichroy* (1999) 76 Cal.App.4th 92, 99.) However, others have reached the opposite conclusion. (See *People v. Regalado* (2000) 78 Cal.App.4th 1056, 1062-1963; *People v. O'Neal* (2000) 78 Cal.App.4th 1065, 1078-1079; *People v. Van Winkle* (1999) 75 Cal.App.4th 133, 147-149.)
>
> In *People v. Jeffries* (2000) 83 Cal.App.4th 15, this court adopted a middle-ground approach, recognizing some confusion engendered by the instructions but finding no reversible error in light of the instructions as a whole and the evidence presented. We explained that, while CALJIC Nos. 2.50.01 and 2.50.1 permit an inference of guilt from prior offenses, which need be proven only by a preponderance of the evidence, CALJIC No. 2.01 instructs that, while guilt may be proven by circumstantial evidence, "'each fact which is essential to complete a set of circumstances necessary to establish the defendant's guilt must be proved beyond a reasonable doubt.'" (*Id.* at p. 23, italics omitted.) We concluded: "CALJIC Nos. 2.50.1 and 2.50.01 are not contrary to CALJIC No. 2.01. The former instructions provide only that an inference of guilt *may be drawn* from prior offenses that have been proved by a preponderance of evidence. They do not suggest that an inference so drawn is *sufficient* for a *finding* of guilt. Contrary to [petitioner's] argument, neither CALJIC No. 2.50.01 nor any other instruction told the jury 'that they could find that the defendant "did commit" the charged offenses based on a preponderance of the evidence.' (Italics added.) The jury could so *infer*, but it could not rely on that inference to *find* [petitioner] guilty unless it found that the underlying facts had been proved beyond a reasonable doubt." (Id. at pp. 23-24.)

/////

> Instructions are not to be considered in isolation. (*People v. Espinoza* (1992) 3 Cal.4th 806, 823-824.) "Whether instructions are correct and adequate is determined by consideration of the entire charge to the jury." (*People v. Holt* (1997) 15 Cal.4th 419, 477.) In order to prevail on a claim that the jury instructions were misleading, [petitioner] must prove there is a reasonable likelihood the jury misunderstood the instructions when considered as a whole. (See *People v. Cain* (1995) 10 Cal.4th 1, 36.)
>
> In addition to the instructions mentioned previously, the jury was informed [petitioner] is presumed innocent and guilt must be proven beyond a reasonable doubt. The jury was told a defendant need not testify but may rely "upon the failure, if any, of the People to prove beyond a reasonable doubt every essential element of the charge or charges made against him." The jury was also told that in order to find the [petitioner] guilty of a particular offense, "it is necessary for the prosecution to prove beyond a reasonable doubt the commission of the act or acts constituting each crime . . . ."
>
> [Petitioner's] theory is that CALJIC Nos. 2.50.01 and 2.50.1 permitted the jury to convict him solely on a finding that he committed an uncharged offense of a similar nature. However, as the Court of Appeal in *People v. O'Neal*, *supra*, 78 Cal.App.4th at page 1078 explained: In order to apply the instructions in this way, "a juror would have to conclude that a defendant could be found guilty beyond a reasonable doubt of the currently charged crime even if *no evidence whatsoever* had been presented to prove the elements of the charged offense." (Italics added.)
>
> In this matter, there is no reasonable likelihood that the jury rejected all the evidence against [petitioner], including his videotaped admissions and the medical evidence, yet convicted him of the charged offenses solely, because it believed by a preponderance of the evidence he committed a prior offense against K. This is made even clearer by the fact [petitioner] was convicted of six offenses stemming from a single incident, which he partly admitted but found not guilty of 10 other offenses for which the evidence was weaker. Thus, any confusion created by the challenged instructions had no bearing on the verdict reached in this matter.

(Opinion at 14-17.)

The decision of the California Court of Appeals affirming petitioner's conviction was contrary to clearly established federal law and he is therefore entitled to federal habeas relief on this claim pursuant to 28 U.S.C. § 2254(d)(1). This conclusion is compelled by the decision in <u>Gibson v. Ortiz</u>, 387 F.3d 812 (9th Cir. 2004).

"Although the Constitution does not require jury instructions to contain any specific language, the instructions must convey both that a defendant is presumed innocent until proven guilty and that he may only be convicted upon a showing of proof beyond a reasonable doubt." United States v. Lopez, 500 F.3d 840, ___, 2007 WL 2429368, *5 (9th Cir. 2007) (quoting Gibson, 387 F.3d at 820). "Any jury instruction that reduces the level of proof necessary for the Government to carry its burden is plainly inconsistent with the constitutionally rooted presumption of innocence." Id. (quoting Gibson, 387 F.3d at 820.)

In Gibson v. Ortiz, the habeas petitioner claimed that the use of CALJIC Nos. 2.50.01 (1996 version) and 2.50.1 together at his trial had unconstitutionally permitted the jury to find him guilty of the charged offenses based on a preponderance of the evidence. The United States Court of Appeals for the Ninth Circuit agreed, holding that CALJIC No. 2.50.01 and CALJIC No. 2.50.1, when given together at a criminal trial, violate the defendant's Fourteenth Amendment due process rights to be proven guilty beyond a reasonable doubt because they allow a jury to: (1) find that a defendant had committed prior sexual offenses by a preponderance of the evidence; (2) infer from those past offenses a predilection for committing sexual offenses; and (3) further infer guilt of the charged offense based on those predilections. Gibson, 387 F.3d at 822. In this regard, the court concluded that "the interplay of the two instructions allowed the jury to find that Gibson committed the uncharged sexual offenses by a preponderance of the evidence and thus to infer that he had committed the *charged* acts based upon facts found not beyond a reasonable doubt, but by a preponderance of the evidence." Id. (emphasis in original).

Even though the jury in Gibson had been given the standard "beyond a reasonable doubt" instruction, as was petitioner's jury in this case, the Ninth Circuit found that this did not prevent the possibility of the jury finding the defendant guilty only on the basis of past offenses that had been established by a mere preponderance of the evidence. Id. at 822-23. The court concluded that the challenged instructions, when given together, "[ran] directly contrary to Winship's maxim that a defendant may not be convicted except 'upon proof beyond a reasonable

doubt of every fact necessary to constitute the crime with which he is charged.'" Gibson, 387 F.3d at 822 (quoting In re Winship, 397 U.S. 358, 364 (1970). Finally, the court held that the giving of these jury instructions in tandem constituted structural error within the meaning of Sullivan v. Louisiana, 508 U.S. 275, 281-82 (1993), precluding harmless error review and requiring the granting of relief. Gibson, 387 F.3d at 824-25.

The instant case is indistinguishable from Gibson in all material respects.[4] Petitioner's jury was instructed with the same version of CALJIC Nos. 2.50.01 and 2.50.1 that were given in Gibson. The decision of the California Court of Appeal approving the trial court's use of the pre-1999 version of CALJIC No. 2.50.01,[5] in light of the jury also being instructed with CALJIC No. 2.50.1, was contrary to clearly established federal law. This is because the state trial court violated petitioner's right to due process, and committed structural error, by inviting the jury to convict him based only on propensity established by a mere preponderance of the evidence.

Based on the decision in Gibson v. Ortiz, this court recommends that habeas relief be granted on petitioner's claim that the use of the pre-1999 version of CALJIC No. 2.50.01

---

[4] The prosecutor in the instant case reminded the jury that if it found petitioner committed a prior sexual offense, the jury "may, but [is] not required to, infer that [petitioner] had a disposition to commit similar types of sexual offenses." (RT 1069.) The prosecutor also encouraged the jury to make the inference and find petitioner had a disposition to commit the charged crimes. (RT 1070.) Similarly, in Gibson, the court had noted that the prosecutor in that case had done so for purposes of showing "a disposition," from which the jury was encouraged to make the inference that the defendant "did in fact commit these crimes. Gibson v. Ortiz, 387 F.3d 812, 824 (9th Cir. 2004). The court in Gibson clarified that "the prosecutor's arguments are weighted much less heavily in our analysis than the instructions of the trial judge." Id., 387 F.3d at 824. Finally, the determination that the challenged jury instructions gave rise to constitutional error was reached by the court in Gibson prior to any discussion of the prosecutor's closing argument. See Dixon v. Lamarque, No. C 01-4974 MMC (PR), 2007 WL 2316254, * 7 (N.D. Cal. Aug. 7, 2007) (citing Gibson, 387 F.3d at 822).

[5] The subsequent 1999 revision to CALJIC No. 2.50.01 has been found to have cured the constitutional defects found by the Gibson court in the 1996 version given at petitioner's trial. See Smith v. Ryan, 220 F. App'x 563, **3 (9th Cir. 2007); McGee v. Knowles, 218 F. App'x 584, **1 (9th Cir. 2007); Cata v. Garcia, No. C 03-3096 PJH (PR), 2007 WL 2255224, *15-16 (N.D. Cal Aug. 3, 2007).

1  violated his right to due process.  See Mejia v. Garcia, No. Civ. F 03-5489 REC DLB HC, 2006
2  WL 1283510 (E.D. Cal. May 10, 2006) (granting habeas relief on identical claim); Vaughn v.
3  Adams, CV F-01-5241 OWW DLB HC, 2006 WL 2585041 (E.D. Cal. Sept. 5, 2006), adopted in
4  2007 WL 499629 (E.D. Cal. Feb. 13, 2007) (same); McKinstry v. Ayers, No. 1:02-CV06267
5  JKS, 2007 WL 1113531 (E.D. Cal. April 13, 2007) (same); Dixon v. Lamarque, No. C 01-4974
6  MMC (PR), 2007 WL 2316254 (N.D. Cal. Aug. 7, 2007) (same); Moreno v. Kernan, No. 2:04-
7  cv-00289-JKS-DAD (E.D. Cal. Jan. 16, 2008)(same).

III.  Petitioner's Other Claims

In light of the clear authority referenced above petitioner's other claims have not been addressed.

IT IS HEREBY RECOMMENDED THAT petitioner's application for a writ of habeas corpus be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 23, 2008.

UNITED STATES MAGISTRATE JUDGE

001; jimi1857.157