IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE DELGADILLO JIMINEZ,

    Petitioner,                  No. 2:03-cv-1857 JAM JFM P

   vs.

DERRAL G. ADAMS,

    Respondent.              ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 11, 2008, the undersigned adopted findings and recommendations and directed that the petition for writ of habeas corpus be granted. Judgment was entered on July 11, 2008. Respondent did not file an appeal.

        On April 22, 2009, respondent filed a request for direction, noting that the order granting the writ did not include language directing respondent to release petitioner unless he was retried within a specified time frame.

        Rule 60 of the Federal Rules of Civil Procedure governs relief from judgments or

1

orders. See Fed R. Civ. P. 60.[1] Specifically, Rule 60(a) allows the court to sua sponte "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record," so long as no appeal has been docketed. Id.

In the instant case, the court inadvertently omitted direction to respondent as to how to proceed.[2] Accordingly, this court will amend the July 11, 2008 order to set forth the intended directions. Fed. R. Civ. P. 60(a); see also Harvest v. Castro, 531 F.3d 737 (9th Cir. 2008)(district court has authority to modify conditional writ after time provided in the order has lapsed subject to rule governing relief from judgment).

Good cause appearing, IT IS HEREBY ORDERED that the order clause contained within the July 11, 2008 order is amended to read as follows:

    1. The findings and recommendations filed January 23, 2008, are adopted in full, except that additional directions to respondent are added as follows; and

    2. Petitioner's application for a writ of habeas corpus is granted; Petitioner shall be released from custody unless the state elects to retry him within sixty days from the date of this order.

DATED: April 23, 2009

/s/ John A. Mendez
UNITED STATES DISTRICT JUDGE

/jimi1857.60a

---

[1] Rule 11 of the Rules Governing § 2254 Cases provides that the Federal Rules of Civil Procedure may be applied to a habeas proceeding, to the extent not inconsistent with any statutory provisions or the rules governing § 2254 cases.

[2] It was not the intention of this court to enter an order directing petitioner's unconditional release. "If the district court finds a habeas corpus petition to be meritorious, it may order the prisoner released outright, although this action is rare." Jeffrey G. Adachi et al., California Criminal Law Procedure & Practice § 45.33 (CEB 2008). In most situations it is appropriate to "grant the writ subject to the state's right to retry the prisoner within a specified length of time." Id.; see McHenry v. California, 447 F.2d 470 (9th Cir.1971) (giving 60 days to commence a retrial on the conviction set aside in a habeas proceeding).